**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4764**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

RYALL QUINCY MAJORS, a/k/a Teeny, a/k/a 3,

                Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Danville. Jackson L. Kiser, Senior District Judge. (4:04-cr-70123-JLK-2)

Submitted: June 21, 2018                    Decided: June 25, 2018

Before DIAZ and HARRIS, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Larry W. Shelton, Federal Public Defender for the Western District of Virginia, Christine Madeleine Lee, Assistant Federal Public Defender for Appellate Litigation, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Roanoke, Virginia, for Appellant. Thomas T. Cullen, United States Attorney, Roanoke, Virginia, Jean B. Hudson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ryall Quincy Majors appeals the 10-month sentence imposed after the district court revoked his supervised release. Majors asserts that his sentence is plainly unreasonable because he made sincere efforts to combat his alcoholism and complied with his release terms while on home confinement before his revocation hearing. According to Majors, rather than sentence him above the bottom of his policy statement range, the district court should have credited Majors for the state time he served for his violating conduct, and for the time that he was on house arrest. Finding no error, we affirm.

"A district court has broad, though not unlimited, discretion in fashioning a sentence upon revocation of a defendant's term of supervised release." *United States v. Slappy*, 872 F.3d 202, 206 (4th Cir. 2017). Accordingly, when we review a revocation sentence, we "take[] a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for guidelines sentences." *United States v. Moulden*, 478 F.3d 652, 656 (4th Cir. 2007) (internal quotation marks omitted). "We will affirm a revocation sentence if it is within the statutory maximum and is not 'plainly unreasonable.'" *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013) (quoting *United States v. Crudup*, 461 F.3d 433, 438 (4th Cir. 2006)). "And even if a revocation sentence is plainly unreasonable, we will still affirm if we find that any errors are harmless." *Slappy*, 872 F.3d at 207.

To consider whether a revocation sentence is plainly unreasonable, we first must determine whether the sentence is procedurally or substantively unreasonable. *See id.* at

2

546. In making this determination, "we follow generally the procedural and substantive considerations that we employ in our review of original sentences, . . . with some necessary modifications to take into account the unique nature of supervised release revocation sentences." *Crudup*, 461 F.3d at 438-39. Thus, a revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Guidelines' Chapter Seven policy statements and the applicable statutory sentencing factors. *See United States v. Thompson*, 595 F.3d 544, 546-47 (4th Cir. 2010). A revocation sentence is substantively reasonable if the court "sufficiently state[s] a proper basis for its conclusion that" the defendant should receive the sentence imposed. *Crudup*, 461 F.3d at 440. "Only if we find a revocation sentence unreasonable do we consider whether it is 'plainly' so, relying on the definition of 'plain' used in our 'plain' error analysis[,]" i.e., "clear" or "obvious." *Slappy*, 872 F.3d at 208 (alterations and internal quotation marks omitted).

Applying these standards, we readily conclude that Majors' sentence is neither procedurally nor substantively unreasonable, and therefore is not plainly unreasonable. Although defense counsel asked that Majors' supervision be continued to allow him to pursue new employment and participate in Virginia's Alcohol Safety Program (VASP), the district court denied the request based on Majors' two prior unsuccessful VASP attempts and, given his four arrests for driving under the influence (DUI), the threat he posed to the community. The district court also denied counsel's request for a 30-day sentence, recognizing that Majors served little jail time for his past DUI offenses, and the

court decided, based on Majors' current violations and past inability to comply with his supervised release terms, that a 10-month sentence was appropriate.

Because the Guidelines instruct courts to run a revocation sentence consecutive to any other prison term for conduct that is the basis for revocation, the district was not obligated to give Majors credit for time served in state prison. *See* U.S. Sentencing Guidelines Manual ch. 7, pt. B, introductory cmt. (2016). And, rather than credit Majors for time he served on house arrest, the district court appropriately exercised its discretion to base its sentencing decision on Majors' breach of trust and repeated inability to comply with his supervised release terms. Because the district court provided an individualized assessment of Majors' situation, and since the 10-month sentence was based on permissible sentencing factors and fully consistent with the purpose of addressing supervised release violations, we conclude that Majors' sentence is both procedurally and substantively reasonable and, thus, not plainly unreasonable. *See Crudup*, 461 F.3d at 440.

Based on the foregoing, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4